UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

MAGGIE LAU,

    Plaintiff,

v.

CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES,
a Panamanian Corporation,

    Defendant.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MAGGIE LAU (hereinafter "Plaintiff"), sues Defendant, CARNIVAL CORPORATION (hereinafter "Defendant"), and alleges:

## **PRELIMINARY ALLEGATIONS**

1. Plaintiff, MAGGIE LAU, is a citizen and resident of San Gabriel, California.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated in Panama with its principal place of business in Miami, Florida at 3655 Northwest 87th Avenue, Miami, Florida 33178.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves complete diversity of citizenship under 28 USC §1332.

4. At all times material hereto, Defendant, personally or through an agent:

a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
b. Was engaged in substantial and not isolated activity within this state;
c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
f. Operated vessels in the waters of this state;

g.  Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard CARNIVAL IMAGINATION.

5.  The Court has subject matter jurisdiction in this matter and Defendant is subject to personal jurisdiction before this Court.

6.  The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7.  At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled CARNIVAL IMAGINATION.

8.  At all times material hereto, Defendant had exclusive custody and control of CARNIVAL IMAGINATION.

9.  On or about September 27, 2019, Plaintiff was a passenger aboard CARNIVAL IMAGINATION which was in navigable waters.

10. On or about September 27, 2019, as Plaintiff walked on the Lido Deck (to the best of her knowledge) on her way to one of the water slides under the ship's funnel, she was caused to slip and fall on an excessive and unreasonable accumulation of water and/or condensation on the deck which was not apparent or obvious to her and which made the deck unreasonably slippery.

11. It was not until after Plaintiff had fallen to the deck that she realized that she had slipped on an accumulation of excessive water and/or condensation.  This excessive and unreasonable accumulation of water and/or condensation was as a result of Defendant's carelessness and failure to exercise reasonable care.  Moreover, in the exercise of reasonable care, Defendant should have known of this accumulation of water and/or condensation and warned passengers, including Plaintiff, of it.  Despite this, Defendant had erected no warning signs or other like waring devices.

12. As a consequence, Plaintiff sustained injury to her right foot and necessitated medical care in the ship's Medical Department.

13. As a further consequence, Plaintiff required continued medical care following her return home.

14. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## **COUNT I – NEGLIGENCE**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein:

15. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989).

16. On or about September 27, 2019, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances in allowing an excessive and unreasonable accumulation of water on the ship's deck which was not apparent to Plaintiff and which caused Plaintiff to slip and injure herself as described above.

17. Defendant failed to exercise reasonable care in providing Plaintiff a safe means to disembark the ship and was in breach of its' legal duties to the Plaintiff as follows:

   a. Failing to keep the area where Plaintiff traversed appropriately dry causing it to become unreasonably slippery; and/or

   b. Failing to take reasonable precautions to keep the floor where Plaintiff fell free of liquid (believed to be water) and/or condensation which made the area unreasonably slippery; and/or

   c. Failing to place a carpet or mat down on the area to provide a sufficiently skid resistant surface so that passengers such as Plaintiff would not slip when walking on it.; and/or

   d. Failing to utilize sufficiently skid resistant flooring in an area which it knew or should have known was subject to becoming unreasonably slippery when wet.

18. Defendant created the foregoing conditions causing Plaintiff's accident or

alternatively, Defendant knew of the foregoing condition causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected it. *See Bridges v. Carnival Corp.,* Case No. 18-Civ-25262-Gayles.

19. The condition created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. *See Bridges v. Carnival Corp.,* Case No. 18-Civ-25262-Gayles.

20. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions – all of which are both past and future; incurred medical expenses in the care and treatment of Plaintiff's injuries- both past and future; suffered physical handicap; lost wages and Plaintiff's working ability and earning capacity has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

## **COUNT II – FAILURE TO WARN**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

21. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986).

22. The substance on the deck which caused Plaintiff's fall - believed to be water and/or

condensation, was neither apparent nor obvious to Plaintiff.

23.  Despite the fact that the excessive accumulation of water and/or condensation on the deck was known to Defendant or, in the exercise of reasonable care, knowable to Defendant from past similar incidents, Defendant failed to provide any warning of this condition to Plaintiff.

24.  On or about September 27, 2019, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances by failing to warn Plaintiff of a hidden and dangerous condition. Defendant failed to exercise reasonable care in failing to warn the Plaintiff of these hidden/dangerous conditions and was in breach of its' legal duties to the Plaintiff as follows:

   a. Failing to warn Plaintiff that the area of the deck where she slipped and fell was dangerous and slippery and/or;

   b. Failing to warn Plaintiff that the flooring was not sufficiently skid resistant when wet and/or when covered in condensation so as to create an unreasonably dangerous condition; and/or

   c. Failing to delineate the area as dangerous with cones, ropes, or warning signs.

25.  Defendant created the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions. As a result of prior similar incidents and claims, Defendant was on notice of these hidden dangers and the concomitant obligation to warn Plaintiff. *See Bridges v. Carnival Corp.,* Case No. 18-Civ-25262-Gayles.

26.  Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition. As a result of prior similar incidents and claims, Defendant was on notice of these hidden dangers and the concomitant obligation to warn Plaintiff. *See Bridges v. Carnival Corp.,* Case No. 18-Civ-25262-Gayles.

27.  The conditions created and/or known to Defendant occurred with sufficient

regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff. *See Bridges v. Carnival Corp.,* Case No. 18-Civ-25262-Gayles.

28. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions – all of which are both past and future; incurred medical expenses in the care and treatment of Plaintiff's injuries- both past and future; suffered physical handicap; lost wages and Plaintiff's working ability and earning capacity has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

DATE: August 5, 2020

Respectfully submitted,

**EDUARDO J. HERNANDEZ, LLC**
*Attorneys for Plaintiff*
10691 N. Kendall Drive - Suite 109
Miami, Florida 33176
Telephone: (305) 567-0910
Facsimile: (786) 454-8905

By: */s/ Eduardo J. Hernandez*
EDUARDO J. HERNANDEZ
Florida Bar No. 061451
ehernandez@ejh-law.com